## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| GRACE ELIZABETH MILLER, | Case No. 19-CV-2907 (DWF/ECW) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| BROCK FREDIN, | |
| Respondent. | |

In 2016, petitioner Grace Elizabeth Miller sought and received a two-year harassment restraining order ("HRO") against respondent Brock Fredin in state court. Not long thereafter, "Miller moved for civil contempt against Fredin after finding posts about her on Facebook and DatingPsychos.com and sought an order prohibiting Fredin from posting about her on any form of social media." *Miller v. Fredin*, Nos. A18-1154 & A181155, 2019 WL 3293766, at *1 (Minn. Ct. App. July 22, 2019). "In an order on July 9, 2018, the court found that Fredin violated the 2016 HRO at least three times by creating and placing content about Miller on the internet, found Fredin in contempt of court for violating the 2016 HRO, and directed that a copy of the order be delivered to the St. Paul City Attorney's Office for appropriate review. The court also granted Miller's request for a 50-year HRO." *Id*. at *2 (quotations omitted). The Minnesota Court of Appeals affirmed the order of the trial court and, on October 15, 2019, the Minnesota Supreme Court declined review of the case.

About a month later, Fredin filed a notice of removal seeking to relocate this state-court litigation to this District. Fredin's notice of removal is a peculiar document in many respects. To begin, Fredin names himself as the plaintiff to this action and Miller as the defendant. (*See* Dkt. 1.) But as explained above, <u>Miller</u> initiated this action in state court seeking to restrain Fredin from further harassment. A notice of removal only shifts litigation from one venue to another; as such the identity and role of the parties remains unchanged. Indeed, it is good for Fredin that he is not the plaintiff to this action, as "plaintiffs are not entitled to remove cases to federal court." *Robinson v. New Mexico*, 772 F. App'x 725, 726 (10th Cir. 2019) (citing 14C Charles Alan Wright, et al., *Federal Practice and Procedure* § 3730 (Rev. 4th. ed. 2018)); *accord* 28 U.S.C. § 1441(a). Fredin's status as plaintiff would alone be enough to doom this matter in federal court (if it were true that he is a plaintiff to this action).[1]

There is, however, another obstacle to the removal in this action: the attempt at removal is obviously untimely. Under 28 U.S.C. § 1446(b)(1),

> [t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

---

[1] Fredin's status as respondent rather than plaintiff to this action also precludes his attempt to voluntarily dismiss this matter pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure. (*See* Dkt. 4.)

The date that the operative pleading was filed and served is not clear — Fredin did not include the pleading or process papers from this matter, in violation of 28 U.S.C. § 1446(a) — but the notice of removal was not submitted until over 90 days after the decision of the Minnesota Court of Appeals affirming the order of the trial court. Obviously, the pleading — a trial-court document, not an appellate document — was filed by Miller and served long before the date.[2]  Although the time limitation set forth in § 1446(b) is not jurisdictional, it is mandatory.  *See Percell's Inc. v. Central Tel. Co.*, 493 F. Supp. 156, 157 (D. Minn. 1980).  Fredin's notice of removal was filed far too late.

Yet even this untimeliness hurdle is secondary to a larger problem with Fredin's notice of removal.  As mentioned above, a notice of removal relocates litigation from state court to federal court.  This matter, however, has already run its full course in state court.  The trial court has found Fredin to be in civil contempt and has extended the HRO; the Minnesota Court of Appeals has affirmed the order; the Minnesota Supreme Court has declined review.  The litigation has concluded.  There is nothing left to "remove" to this venue.

---

[2]   Fredin may contend that because he filed his notice of removal within 30 days of the Minnesota Supreme Court's denial of his petition for review, the notice is timely under 28 U.S.C. § 1446(b)(3).  Not so.  Section 1446(b)(3) provides that "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper *from which it may first be ascertained* that the case is one which is or has become removable." (Emphasis added.)  But nothing about the Minnesota Supreme Court's *pro forma* one-page denial of review would have allowed Fredin to ascertain, for the very first time, that this matter could be removed to federal court.  (*See* Dkt. 1-1 at 7.)

3

Fredin designates himself not only as the plaintiff to this action, but also as the "Appellant." (Dkt. 1 at 1.) This label is accurate in one sense: What Fredin seeks in this proceeding is less the removal of state-court litigation than the appeal of a state-court judgment already entered. But the *Rooker-Feldman* doctrine "deprives federal courts of jurisdiction in 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Banks v. Slay*, 789 F.3d 919, 922 (8th Cir. 2015) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). Put another way, Fredin cannot appeal a decision of a state court to a federal district court, and this Court lacks jurisdiction to consider such an appeal. Having lost in state court, Fredin cannot replay his hand here.

Accordingly, it is recommended that this matter be remanded to state court. Should this matter be remanded as recommended, Fredin's applications to proceed *in forma pauperis* may be denied as moot.

### RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. This matter be **REMANDED** to Minnesota District Court, Ramsey County.

2. The applications to proceed *in forma pauperis* of respondent Brock Fredin (Dkts. 2 & 3) be **DENIED AS MOOT**.

Dated: December 3, 2019  *s/Elizabeth Cowan Wright*
ELIZABETH COWAN WRIGHT
United States Magistrate Judge

## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).